**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| BARRY WAYNE RAMSEY | ) | |
| DONNA HINSON RAMSEY, | ) | CASE NO. 05-72934 |
| | ) | |
| Debtors. | ) | CHAPTER 7 |

**MEMORANDUM DECISION**

The matter before the Court is the Debtors' Motion to Reopen their closed case for the purpose of filing adversary proceedings to avoid certain judgment liens recorded against their residence property within ninety days prior to the filing of their chapter 7 petition in this Court. They also request that the reopening fee be denied. For the reasons noted below, the court will deny the Motion.

FACTS

The Debtors filed their petition on August 3, 2005. They reported in Schedules A and D that they owned a residence located at 1822 Pexton Avenue, Salem, Virginia valued at $83,500.00 and subject to first and second deed of trust liens aggregating $73,422.00. Of the resulting $10,078.00 equity in such property they claimed as exempt under the Virginia homestead exemption (Va. Code § 34-4) the value of $1,728.00, leaving non-exempt equity of $8,350.00. They assert in Schedule C that the presumed cost of selling the property (10%) would exhaust the remaining equity in the property. In their pending Motion they allege that two creditors, Capital One Bank and Household Finance Corporation, docketed judgments against their property within ninety days before their filing and that these judgments were preferential transfers. They do not allege the amounts of the judgments in question. Neither do they allege any intent to increase the amount of their claimed homestead exemption to cover any

of the remaining equity in the property.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A motion to reopen a closed bankruptcy case is clearly one which relates to the Court's supervision of its own docket and therefore is clearly a "core" bankruptcy matter. An adversary proceeding seeking to avoid pre-bankruptcy liens against property of bankruptcy debtors as a preferential transfer is a "core" proceeding by virtue of 28 U.S.C. § 157(b)(2)( F).

The Debtors do not allege in their Motion that the judgment liens against their property are of such a nature as to impair their homestead exemption within the provisions of 11 U.S.C. § 522(f). To the extent of such impairment such liens can be avoided by motion of the debtors pursuant to Bankruptcy Rule 4003(d). Pursuant to § 522(h) a bankruptcy debtor may use the trustee's powers, including the power to avoid preferential transfers pursuant to § 547, to avoid such a transfer "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer". However, subsection (j) of such section limits the debtor's claim of exemption to that "which the debtor is entitled under subsection (b) of this section." The effect of this is to limit the debtor's claim of exemptions in Virginia to the exemptions provided by Virginia law. With respect to the circumstances presented in this case, the Debtors' proposed use of the bankruptcy trustee's avoidance powers is limited to avoiding preferential judgment liens only "to the extent" that the Debtors can and do properly claim their equity as exempt under applicable Virginia statutes.

They do not have the power to use the trustee's powers to avoid judgments which affect only their non-exempt equity. That equity is not reduced by the theoretical cost which the Debtors themselves or the bankruptcy trustee might incur in attempting to sell their property. *See In re Trout,* No. 05-70594, slip op. at 5-7 (Bankr. W. D. Va. June 17, 2005).

The Court will not exercise its discretion to reopen a case when there is no showing that the relief sought is something to which the Debtors are entitled to obtain under the Bankruptcy Code. While this decision renders the request to waive the reopening fee moot, the Court notes that its discretion to waive such fee is limited to matters concerning the debtor's discharge or matters involving an administrative error, *see* 28 U.S.C. § 1930(b); Judicial Conference for the United States, *Bankruptcy Court Miscellaneous Fee Schedule* (2005), http://www.uscourts.gov/library/courtfee.html, and it has previously held that a motion seeking the reopening of a case for the purpose of filing a motion pursuant to Rule 4003 to avoid a judgment lien impairing a debtor's claimed exemption is not a matter dealing with the debtor's discharge from personal liability for the payment of the debt and therefore requires the payment of the standard reopening fee. By separate order the Court will deny the Debtors' Motion without prejudice to their right to file a new Motion seeking to reopen their case to obtain relief available to them under applicable provisions of the Bankruptcy Code as applicable to their circumstances.

This 3rd day of May, 2006.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE